**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Advance Payroll Funding, Ltd.,** | ) | **CASE NO. 1:06 CV 1313** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **AAP Staff Services, Inc., et al.,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendants.** | ) | |

## INTRODUCTION

This matter is before the Court upon Plaintiff's Motion to Dismiss the Counterclaim and Enter Default on the Complaint (Doc. 29). Also pending are Plaintiff's Motion to Show Cause Pursuant to Fed.R.Civ.P. 30(g) and Fed. R. Civ. Pro. 37(d) (Doc. 30) and Plaintiff's Second Motion to Show Cause Pursuant to Fed.R.Civ.P. 30(g) and Fed. R. Civ. Pro. 37(d) (Doc. 32). This is a breach of contract action. For the reasons that follow, the motions are GRANTED.

1

**FACTS**

Plaintiff, Advanced Payroll Funding, Ltd, brought this lawsuit against defendants, AAP Staff Services, Inc. ("AAP"), Arthur A. Pullman, Jr. and Elizabeth A. Pullman.  Plaintiff alleges that defendants breached a payroll processing agreement.  Defendants filed an answer and counterclaim regarding the payroll processing agreement.

The defendants' participation in this lawsuit has been minimal.  Neither defendants nor their counsel appeared for the case management conference.  Defendants filed their initial disclosures nearly four months late.  According to plaintiff, the initial disclosures are wholly inadequate.  In addition, plaintiff propounded written discovery on defendants nearly five months ago, yet no response has been provided.  On two separate occasions, plaintiff noticed the depositions of AAP and Elizabeth Pullman. On each occasion, however, defendants failed to appear.  Nor did defense counsel attend the third-party depositions in this matter.  According to plaintiff, defendants have not sought any discovery in this case and the discovery deadline expired several months ago.  This Court held a status conference on March 9, 2007.  At the status conference, the Court indicated to counsel and the parties that, in the event the parties could not resolve the case, the Court would proceed to rule on plaintiff's pending motions.  At the request of defendant Arthur Pullman, this Court set a status conference for March 22, 2007, to further discuss settlement.  Neither defendants nor their counsel appeared.  Currently pending are plaintiff's motions to dismiss and show cause.  Plaintiff seeks dismissal of the counterclaim and default judgment against Elizabeth Pullman and AAP on the grounds that defendants have wholly failed to prosecute the counterclaim or defend the complaint in any fashion.  Not surprisingly, defendants do not respond to the motions.

2

**DISCUSSION**

Plaintiff seeks default judgment on its complaint and dismissal of defendants' counterclaim pursuant to Federal Rules of Civil Procedure 41(b), 37(d) and 37(b)(2)(C). To ascertain whether default judgment and dismissal are appropriate, the Court must analyze four factors.[1] These factors are, "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the [offending] party's conduct; (3) whether the [offending] party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered...." *United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002). No one factor is dispositive. Rather, "dismissal [or default] is proper if the record demonstrates delay or contumacious conduct." *Id*. With regard to defendants' failure to comply with discovery, the burden of demonstrating that the failure to comply was due to inability, as opposed to willfulness or bad faith. "...[I]t is presumed that dismissal is not an abuse of discretion if the party has the ability to comply...but does not."

Upon review, the Court finds that this first factor weighs heavily in favor of default and dismissal. In this case, defendants fail to demonstrate that their failure to respond to any written discovery or appear for their properly noticed depositions was a result of "inability," as opposed to wilfulness. Nor did defendants initiate any discovery in this matter. Defendants fail to respond to the instant motion or offer any explanation whatsoever as to their misconduct. Accordingly, the Court finds that these failures were the result of deliberate and wilful

---

[1] Both dismissal under Rule 41(b) and default under Rule 37 require the same analysis. Accordingly, these issues will be addressed together. *See, e.g., United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002).

misconduct. There is simply no indication that the failure was due to an inability to respond. Moreover, the Court is greatly disturbed at the defendants' flagrant disregard of this Court's scheduling orders. Defendants failed to appear at the case management conference. In addition, this Court held a status conference attended by both defendants and their counsel. At the status conference, the Court indicated to both counsel and the parties that rulings on the pending motions would issue. In addition, the Court set a second status conference two weeks later at defendant Arthur Pullman's request. However, neither defendants nor their counsel appeared at the status conference. The Court left messages with counsel for defendants and, to date, has received no response. The Court finds that defendants flagrant abuse of the discovery process and well as their persistent disregard of Court orders weighs heavily in favor of default judgment and dismissal.

The Court further finds that the second factor, *i.e.*, prejudice to plaintiff, weighs in favor of the requested sanctions. Discovery in this case is closed. Plaintiff received no response to any of its discovery and defendants failed to appear for their properly noticed depositions on two separate occasions. There can be little doubt that plaintiff will be prejudiced by a complete lack of discovery. *See*, *Reyes*, 307 F.3d at 458 (prejudice exists where failure to respond to document requests meant party could not proceed with remaining discovery).

Although the Court did not expressly indicate that further misconduct would result in dismissal, the Court finds that defendants were nonetheless on notice that dismissal or default might occur. Plaintiff filed *three* separate motions seeking these severe sanctions. The Court held off ruling on the motions and expressly indicated to counsel and the parties that a ruling on the pending motions would be forthcoming. There can be no doubt that defendants were aware

of the possibility that the relief sought in the motions might be awarded by the Court. Nonetheless, defendants failed to respond to the motions in any fashion. Accordingly, although the Court did not expressly state that further misconduct would result in default and/or dismissal, the Court finds that defendants certainly had *some* notice of the potential for these sanctions. *Id.* (motion to strike provided some notice for purposes of third factor).

With regard to the fourth factor, the Court notes that it has considered less severe sanctions. Specifically, the Court considered levying a fine against defendants and their counsel for the repeated misconduct. Given the procedural posture of this case, however, a fine would be insufficient. Discovery is over and the Court already indicated that no further discovery extensions would be granted. Moreover, given the repeated and intentional disregard for both the discovery process and this Court's orders, the severe sanction of dismissal and default is warranted.[2]

**CONCLUSION**

For the foregoing reasons, Plaintiff's Motion to Dismiss the Counterclaim and Enter Default on the Complaint (Doc. 29), Plaintiff's Motion to Show Cause Pursuant to Fed.R.Civ.P. 30(g) and Fed. R. Civ. Pro. 37(d) (Doc. 30) and Plaintiff's Second Motion to Show Cause Pursuant to Fed.R.Civ.P. 30(g) and Fed. R. Civ. Pro. 37(d) (Doc. 32) are GRANTED. The counterclaim filed by AAP and Elizabeth Pullman is DISMISSED. In addition, default judgment

---

[2] Neither dismissal nor default is sought against Arthur Pullman. This Court previously stayed this matter as to Mr. Pullman due to the filing of a bankruptcy petition. Subsequently, the bankruptcy court dismissed the petition due to Pullman's failure to comply with Court orders. This Court recently granted plaintiff's motion to lift the bankruptcy stay. As Mr. Pullman is not subject to the pending motions, he remains a party to this case.

is hereby entered against these defendants on plaintiff's complaint.

       IT IS SO ORDERED.

                                      /s/ Patricia A. Gaughan
                                      PATRICIA A. GAUGHAN
                                      United States District Judge

Dated: 4/20/07